**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| JOSHUA VEGERANO,<br><br>Plaintiff,<br><br>v.<br><br>MILLIMAN, INC. d/b/a INTELLISCRIPT<br><br>Defendant. | CIVIL ACTION<br>CASE NO.: __________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Joshua Vegerano, by counsel, files this complaint against Defendant, Milliman, Inc. doing business as "IntelliScript," and alleges:

**INTRODUCTION**

1. This is a case brought for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Defendant Milliman, Inc. d/b/a IntelliScript ("Defendant" or "IntelliScript"), a consumer reporting agency ("CRA") under the FCRA. Defendant violated Section 1681e(b) of the FCRA by failing to follow reasonable procedures when it prepared an inaccurate consumer report concerning Plaintiff that caused him to be denied life insurance. Defendant apparently mixed Plaintiff's file and medical history with that of his brother who has a different middle name, different Social Security Number, different health

insurance plan/number, and who lived at a different address than Plaintiff. Defendant then failed to conduct a reasonable reinvestigation of Plaintiff's dispute within thirty days of its receipt of same in violation of Section 1681i(a) of the FCRA. Plaintiff asserts claims for Defendant's violations of Sections 1681e(b) and 1681i(a) of the FCRA.

## PARTIES AND JURISDICTION

2. Plaintiff Joshua Vegerano is an adult individual residing in this District and Division and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is a Washington for-profit corporation with its principal place of business located at 17335 Golf Parkway, Suite 100, Brookfield, WI 53045.

4. Defendant does business and sells consumer reports in this District and Division and is subject to the jurisdiction of this Court.

5. Venue is proper in the Court because Defendant sold a consumer report concerning Plaintiff in this District and Division and Plaintiff suffered harm here as a result.

## GENERAL ALLEGATIONS

### *A. IntelliScript is a specialty CRA that runs a business of compiling reports for insurance carriers.*

6. Defendant is a specialty CRA in the business of gathering and selling

reports about consumers which contain information about their medical histories and diagnoses, including detailed histories of medications prescribed by doctors.

7. Defendant's reports are highly detailed; prescription histories can include drug name, dosage, fill date, pharmacy and physician information. Medical histories include diagnoses, hospital and physician procedures, inpatient and clinic-administered medications and medical equipment information from medical billing records.

8. Defendant prepares the reports by gathering information from multiple data sources and compiles them onto a single report.

9. Defendant prepares and sells these reports for a fee to insurance companies in connection with an application for insurance, typically life insurance or medical insurance.

10. Defendant is obligated to comply with the FCRA, and the reports it sells are consumer reports which it intends to be used to determine consumers' eligibility for insurance.

11. When a consumer disputes information in his or her credit file maintained by Defendant, Defendant is obligated to undertake an investigation of the disputed information under the FCRA. Defendant is required under the FCRA to complete the investigation within thirty days of its receipt of same.

***B. IntelliScript botches the report of Mr. Vegerano by mixing his prescription and medical history with his brother's.***

12. Plaintiff is a consumer about whom Defendant sold inaccurate prescription and medical history information and for whom Defendant refused to conduct a reasonable reinvestigation as required by the FCRA after Plaintiff disputed. Such inaccurate information included that Plaintiff had been treated for HIV and drug use.

13. In 2025, Plaintiff applied for life insurance with North American Insurance ("NAI") and was denied based upon a consumer report that Defendant provided to NAI about Plaintiff ("Consumer Report").

14. The Consumer Report that Defendant provided about Plaintiff was inaccurate in that it contained numerous entries showing medical treatment and prescriptions, like those described above, that Plaintiff had not received. Some of the inaccurate entries were for the diagnosis of very serious and chronic medical conditions – none of which belonged to Plaintiff.

15. Defendant's inaccurate Consumer Report was the cause of Plaintiff's denial for life insurance with NAI. Plaintiff was greatly distressed when he was denied life insurance because he wanted to provide a legacy for his family and he knew that he would need to disclose the denial of insurance- even if the denial was in error- on future applications for insurance.

***C. IntelliScript mishandles the dispute of Mr. Vegerano by failing to timely and properly reinvestigate.***

16. On January 22, 2026, Plaintiff sent a written dispute ("Dispute") to Defendant by United States Certified Mail wherein he advised Defendant that the inaccurate information in the Consumer Report did not belong to him. He enclosed a copy of his driver's license to show his identity.

17. According to the records of the United States Postal Service, Defendant received Plaintiff's Dispute on January 27, 2026

18. Defendant responded on February 2, 2026, but failed to complete its reinvestigation or to delete the inaccurate information.

19. Plaintiff spent his time and effort to follow up with Defendant when it failed to investigate his Dispute.

20. Defendant mixed the consumer file of Plaintiff with the consumer file of his brother.

### *D. IntelliScript broke the law by failing to comply with its duties under the FCRA.*

21. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth under § 1681e(b) and § 1681i(a) of the FCRA.

22. As of result of Defendant's conduct, Plaintiff has suffered damages in the form of (a) ongoing loss of life insurance opportunity; (b) harm to reputation when Defendant reported to NAI that Plaintiff had the inaccurate medical conditions described above; (c) harm to reputation when NAI predictably passed along

Defendant's inaccurate information to Plaintiff's local insurance agent; (d) emotional distress from being denied life insurance and dealing with Defendant's false and embarrassing inaccurate reporting; (e) wasted time and effort dealing with Defendant's inaccurate reporting, reviewing reports and correspondence with Defendant, and following up with Defendant when it failed to properly investigate his Dispute.

23. The damage to Plaintiff is permanent. Irrespective of whether the report of Plaintiff is ameliorated by Defendant, when applying for life or disability insurance in the future, Plaintiff will be required to disclose any previous denials of coverage as part of his duty to provide full and accurate information for underwriting purposes. The failure to disclose such information can be considered a material misrepresentation or omission, which could lead to a policy being denied or rescinded, or a future claim denied. In any event, Plaintiff is exposed to the future harm of paying more for insurance or being denied outright.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

***E. IntelliScript's Violations Were Willful.***

25. Defendant's processing of consumer disputes was willful and carried

out in reckless disregard for a consumer's rights under the FCRA. Defendant's conduct was willful because it was accomplished through intended procedures that prioritize its own profitability over accuracy.

26. In addition, the willful nature of Defendant's FCRA violations can be established by, for example:

a. The FCRA was enacted in 1970; Progressive has had 56 years to become compliant;

b. Defendant is a corporation with access to legal advice through its own general counsel's office and/or outside litigation counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

c. Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

d. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

e. Defendant's violations of the FCRA were repeated and systematic

## COUNT I - ACTION FOR VIOLATION OF 15 U.S.C. § 1681i(a), FAIR CREDIT REPORTING ACT

27. Plaintiff realleges and reincorporates herein by reference the allegations of paragraphs 1 through 26 above as if set forth in full herein.

28. Pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA, Defendant is liable for failing to conduct a timely and reasonable reinvestigation into the completeness and/or accuracy of information disputed by the consumer or delete the disputed information within thirty days of its receipt of same, in violation of 15 U.S.C. § 1681i(a)(1)(A).

29. As a direct and proximate result of the acts hereinabove alleged and IntelliScript's ongoing unlawful conduct, Plaintiff has been damaged and has suffered economic losses in an amount to be proven at trial.

30. Plaintiff is entitled to actual, statutory and punitive damages, pursuant to 15 U.S.C. § 1681n.

## COUNT II - ACTION FOR VIOLATION OF 15 U.S.C. § 1681e(b), FAIR CREDIT REPORTING ACT

31. Plaintiff realleges and reincorporates herein by reference the allegations of paragraphs 1 through 26 as though fully set forth herein.

32. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

33. The report Defendant sold to NAI is a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

34. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable for failing to follow reasonable procedures to assure the maximum possible accuracy of the information it sold about Plaintiff in violation of 15 U.S.C. § 1681e(b). Plaintiff was harmed as a result in that he was denied life insurance and suffered reputational harm and emotional distress.

WHEREFORE, Plaintiff, Joshua Vegerano, an individual, prays for relief on behalf of himself and all others similarly situated against Defendant, Milliman, Inc. doing business as "IntelliScript," as follows:

A. awarding actual damages pursuant to 15 U.S.C. § 1681o(a);

B. awarding statutory damages in the amount of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a);

C. awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E. awarding such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Joshua Vegerano, demands a trial by jury of all issues so triable.

Dated: August 14, 2026.

Respectfully submitted,

*/s/ Robert W. Murphy*
Robert W. Murphy
Florida Bar No. 717223
LAW OFFICE OF ROBERT W. MURPHY
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (954) 763-8660
F: (954) 763-8607
rwmurphy@lawfirmmurphy.com

John A. Love, Esq.
Florida Bar No. 267554
E-mail: tlove@loveconsumerlaw.com
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Telephone: 404-855-3600

*Counsel for Plaintiff*